PETERS *et al.* v. PRESTON *et al.*

*Appeal from Jones District Court — Wednesday, July 31.*

IN 1855, one Landis executed to Reed Bros. & Co., a note and a deed of trust on certain real estate to secure it. In 1858 the deed of trust was foreclosed by suit, special execution issued and the land was

sold to Helmer; Helmer then sold the land by contract to Peters. On motion, afterward by Landis against Reed Bros. & Co., the sale was set aside, on condition of repayment, by Landis to the clerk for the use of the purchaser, within twenty days, of the amount for which the property sold. This payment was never made. But Landis thereafter brought suit in equity against Helmer, the purchaser, and the sheriff, alleging a tender of the purchase-money, to set aside the sheriff's sale and deed, and to quiet his title. There was no defense to this action, and without paying the money into court, he took a decree setting aside the sheriff's deed and quieting his title. While this last named suit was pending, Peters, under his previous contract of purchase, received a deed for the land from Helmer.

The defendant, Preston, was Landis' attorney in the suit last named, and together with his co-defendants, had either actual or stood charged with constructive knowledge of all the facts.

This suit is now brought to subject the land to a sale under the trust-deed foreclosure judgment, for the purpose of repaying Peters the amount and interest bid at the first sale, he having, by his purchase from Helmer, become entitled to receive the same. The District Court decreed accordingly, and defendants appeal.

*I. M. Preston & Son* for the appellant — *W. G. Hammond* for the appellee.

Cole, J. — The decree of this District Court must be affirmed. The order setting aside the first sale, had the effect, certainly as between the parties and those charged with notice of the facts, of cancelling the credit on or satisfaction of, the foreclosure judgment, and re-instating the lien thereof.

The subsequent decree in the case by Landis against Helmer and the sheriff, did not purport to satisfy or cancel this judgment, but only to set aside the sheriff's sale and deed to Helmer and quiet the title in Landis. If Peters, under his previous contract of purchase, should, by reason of taking the deed while Landis' suit was pending, be held to be estopped thereby (which we do not decide), he is not estopped from asserting the claim made in this suit, for the enforcement of the foreclosure judgment lien, for the reason that the decree against Helmer does not purport to cut off that lien. The pleadings were not framed with that view and they state nothing about it. That foreclosure decree has never been paid. It is a lien on the land and defendants knew it all the time, and of course bought subject to it.

Affirmed.